# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ELECTRONIC CONTRACTING COMPANY, )<br>)<br>Plaintiff/Counter-Defendant, )<br>v. )<br>)<br>CLAY COUNTY, MISSOURI, )<br>)<br>Defendant/Counterclaimant. ) | Case No. 24-00443-CV-W-GAF |

## ORDER

Now before the Court is Plaintiff/Counter-Defendant Electronic Contracting Company's ("ECC") Motion to Amend Scheduling Order, seeking to extend deadlines for expert disclosures and reports. (Doc. 32). Defendant/Counterclaimant Clay County, Missouri (the "County") opposes, arguing ECC has not established good cause for the sought extensions. (Doc. 33). ECC replied, asserting it can establish good cause. (Doc. 35).

Under Rule 16, a scheduling order may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). Local Rule 16.3 also provides that a party moving to extend a scheduling deadline must "[d]emonstrate a specific need for the requested extension" and establish good cause.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quotation omitted). Courts generally do not consider prejudice to the nonmovant if the movant was not diligent in meeting the scheduling order's deadlines. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). A moving party fails to show good cause where there is no change in the law, no newly discovered facts, or any other changed circumstance. *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024).

1

ECC argues that it has established good cause for the requested extensions because the County's counterclaims prompted greater discovery than anticipated; the County's discovery responses were delayed by three weeks, albeit by agreement by the parties; a joint inspection of the site has not yet occurred, which its experts need in order to prepare their reports; and the County's counsel did not respond to requests to discuss the extension of deadlines. (Docs. 32, 35). The Court agrees that the ongoing discovery, specifically the delayed discovery responses and the joint inspection of the site, constitute good cause for extensions to the expert disclosure deadlines. Further, it appears that ECC was diligent in attempting to meet the deadlines by requesting the site visit in May, well before the deadline, and seeking agreement on the requested extension. That being said, the Court agrees with the County that the original two-month period between ECC's expert disclosures and the County's expert disclosures should be maintained in the amended schedule.

Accordingly, it is ORDERED that:

1. ECC's Motion to Amend Scheduling Order is GRANTED in part;

2. ECC shall designate any expert witnesses it intends to call at trial on or before August 13, 2025;

3. The County shall designate any expert witnesses it intends to call at trial on or before October 15, 2025;

4. The deadline to designate any rebuttal expert witnesses is November 14, 2025.[1]

s/ Gary A. Fenner  
GARY A. FENNER, JUDGE  
UNITED STATES DISTRICT COURT

DATED: July 14, 2025

---

[1] The Court recognizes that November 14, 2025 is the discovery deadline. If rebuttal experts are designated and depositions are required of said experts, the Court will consider a motion to extend the discovery deadline at that time.